**Marco Aurelio Roque SAMPAIO,**
**Appellant**

v.

**INTER–AMERICAN DEVELOPMENT**
**BANK, Appellee.**

No. 11–7115.

United States Court of Appeals,
District of Columbia Circuit.

June 8, 2012.

Marco Aurelio Roque Sampaio, Washington, DC, pro se.

Nancy L. Perkins, Jonathan Louis Stern, Arnold & Porter LLP, Washington, DC, for Appellee.

BEFORE: ROGERS, GRIFFITH, and KAVANAUGH, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed August 31, 2011, be affirmed. The appellee is immune from the appellant's lawsuit under the International Organizations Immunities Act, 22 U.S.C. § 288a(b). *See Atkinson v. Inter–American Dev. Bank,* 156 F.3d 1335 (D.C.Cir.1998). In determining whether the appellee has waived its immunity here,

the appropriate question is whether "the particular type of suit would *further* the Bank's objectives." *Id.* at 1338 (italics in original). If it does not, "the Bank's immunity should be construed as *not waived.*" *Id.* (italics in original). Appellant has failed to show that this suit furthers the appellee's objectives so as to distinguish his claims from other employment disputes. *See Mendaro v. World Bank,* 717 F.2d 610, 615–19 (D.C.Cir.1983); *Broadbent v. Org. of Am. States,* 628 F.2d 27, 34–35 (D.C.Cir.1980). The court declines to entertain appellant's assertion, raised for the first time on appeal, that the appellee's Code of Ethics provides a waiver of immunity. *See, e.g., United States v. Stover,* 329 F.3d 859, 872 (D.C.Cir.2003) (arguments not presented to the district court "cannot be considered for the first time on appeal").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.